IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ANDREA GOMEZ SMITH, et al.,

        Plaintiffs,

v.                                             CIVIL ACTION NO. 2:17-cv-04601

MARK ANDREW GOMEZ, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

By Standing Order entered January 4, 2016, and filed in this case on December 22, 2017, this case was initially referred to United States Magistrate Judge Dwane L. Tinsley for Findings of Fact and Recommendations for disposition. (ECF No. 5.) For reasons appearing to the Court, the Court **VACATES** the Standing Order only with respect to this case, and the undersigned will proceed to toward resolution of this case.

Pending before the Court is Plaintiffs' Motion to Remand, (ECF No. 1); *pro se* Defendant Mark Andrew Gomez's Motion and Demand for Plaintiffs to Add Indispensable Party Pursuant to Rule 12(b)(7) (Second Request), (ECF No. 6), Motion for Interim Accounting of Plaintiffs' Attorney's Fees, (ECF No. 7), and Motion for Consideration of Dependent Relative Revocation of November 12, 2008 Will, (ECF No. 9); Third Party Defendant Kayla Addison's Motion to Dismiss, (ECF No. 11); and *pro se* Defendant Robert Brian Gomez's Motion for Permission for Electronic Case Filing, (ECF No. 13).

1

This case arises out of a dispute regarding the validity of a will executed by Dr. Aurelio Rafael Gomez on June 14, 2016. (ECF No. 2-1 at 1.) The complaint, originally filed in the Circuit Court of Kanawha County, West Virginia, and amended once thereafter, seeks to invalidate the last will and testament of Dr. Gomez and to hold the estate's executor, Mark Andrew Gomez, personally liable for fraud, undue influence, and abuse of a confidential relationship. (*See id.* at 1–5.) Plaintiffs originally filed their complaint in state court on November 7, 2017, and subsequently amended it on November 28, 2017, naming the following Defendants: Mark Andrew Gomez ("Mark Gomez"), both in his capacity as executor of the Estate of Dr. Aurelio Rafael Gomez and individually, David Brent Gomez, and Robert Brian Gomez ("Robert Gomez"). (ECF No. 14-1 at 1.) Defendant Mark Gomez proceeded to file a third party action against Empower Retirement, Kayla Addison, and Western Surety Company, as well as a countersuit against the two Plaintiffs. (ECF No. 3 (filed in the Circuit Court of Kanawha County on December 12, 2017).)

Defendant Robert Gomez, who is *pro se*, removed the case to this Court on December 21, 2017. (ECF No. 2.) In the Notice of Removal, he asserts that the sole basis for the Court's subject-matter jurisdiction over this case is diversity pursuant to 28 U.S.C. § 1332 because he is a resident of Florida while the two Plaintiffs are residents of West Virginia and New Hampshire. (*Id.* at 2.) Plaintiffs filed the current Motion to Remand the same day as removal on December 21, 2017, in which they argue that this Court lacks subject-matter jurisdiction over the matter because complete diversity does not exist where Plaintiff Andrea Gomez Smith and primary Defendant Mark Gomez both reside in West Virginia. (ECF No. 1 at 2.) Robert Gomez filed a response to the motion on January 12, 2018, (ECF No. 15), over a week past the filing deadline established under this Court's Local Rules. *See* L.R. Civ. P. 7.1(a)(7). Because Robert Gomez

2

ignored the filing deadline established by the Court's Local Rules, did not seek judicial modification of that deadline, and nonetheless failed to set forth a meritorious argument within his brief,[1] the Court will exercise its discretion in not considering the untimely response. As such, the Motion to Remand is ripe for adjudication.

Article III of the United States Constitution provides, in pertinent part, that "[t]he judicial Power shall extend . . . to Controversies . . . between Citizens of different States . . . ." U.S. Const. art. III, § 2. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). This statute, which conveys federal district court jurisdiction over suits involving more than $75,000, "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Congress provided a right to remove a case from state to federal court under 28 U.S.C. § 1441. This statute states, in relevant part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

---

[1] The response attempts to argue that Robert Gomez is the only indispensable Defendant in this action because "he is beneficiary to the majority of the property and the only beneficiary of the rest, residue and remainder of the Estate of his father, Aurelio Rafael Gomez." (ECF No. 15 at 4.) In advancing this argument, he claims that his citizenship should be the only one considered of the named Defendants in determining complete diversity because the other Defendants—"The Estate" in particular—are simply nominal parties. (*See id.* at 3–4.) The response fails to recognize that this lawsuit does not revolve solely around the distribution of Dr. Gomez's estate. Rather, it seeks both to invalidate the decedent's last will and testament and to hold the estate's executor, Mark Gomez, personally liable for fraud, undue influence, and abuse of a confidential relationship. (*See* ECF No. 2-1 at 2–5.) Thus, Mark Gomez is not a nominal party as the response suggests, and his citizenship must be considered in determining whether this Court has diversity jurisdiction over the pending action.

28 U.S.C. § 1441(a). Because removal of civil cases from state to federal court infringes state sovereignty, federal courts strictly construe the removal statute and resolve all doubts in favor of remanding cases to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941); *see also Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) ("Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction." (citation omitted)). The party asserting federal jurisdiction bears the burden of proof. *Landmark Corp. v. Apogee Coal Co.*, 945 F. Supp. 932, 935 (S.D. W. Va. 1996).

The sole issue before the Court is whether it has diversity jurisdiction over this matter.[2] A cursory review of this case indicates that it does not. Robert Gomez asserts in the Notice of Removal that diversity exists in this case merely because he is a resident of Florida while Plaintiffs Andrea Gomez Smith and Matthew Eric Gomez are residents of West Virginia and New Hampshire, respectively. However, Robert Gomez fails to take into consideration the doctrine of complete diversity, which interprets the diversity statute contained in 28 U.S.C. § 1332 as requiring each plaintiff to have citizenship diverse from that of each defendant. *See, e.g.*, *Caterpillar Inc.*, 519 U.S. at 68, *cited in Hoschar v. Appalachian Power Co.*, 739 F.3d 163, 170 (4th Cir. 2014). The first amended complaint, attached to the Notice of Removal, clearly states that Plaintiff Andrea Gomez Smith and Defendant Mark Gomez are both residents of Kanawha County, West Virginia.

---

[2] The Court notes that while the Notice of Removal only asserts diversity jurisdiction as the proper basis for this Court's subject-matter jurisdiction, the counterclaim brought by Defendant Mark Gomez attempts to assert a cause of action against Plaintiffs under the Health Insurance Portability and Accountability Act ("HIPAA"). (*See* ECF No. 3 at 20 ¶ 99.) Because the countersuit does not constitute the operative pleading in this action and HIPAA does not provide a private cause of action as Mark Gomez seems to believe, *see, e.g.*, *Leonard v. Alcan Rolled Products-Ravenswood, LLC*, No. 2:09–cv–00971, 2009 WL 3669340, at *2 (S.D. W. Va. Nov. 3, 2009) (citing numerous cases supporting the proposition that HIPAA does not create a private cause of action), the Court will not digress into an analysis of whether this case involves a federal question. Plaintiffs' first amended complaint clearly does not raise a federal question, and the Notice of Removal does not assert—nor does Robert Gomez's untimely response to the Motion to Remand suggest—that federal question jurisdiction is a basis for establishing this Court's subject-matter jurisdiction.

(ECF No. 21 at 2 ¶¶ 2, 3.)  Robert Gomez does not contest this assertion either in the Notice of Removal or in his untimely response to the Motion to Remand.  Because at least one Plaintiff shares citizenship with at least one Defendant, this Court cannot assert diversity jurisdiction over this action regardless of the amount in controversy.[3]  Robert Gomez has not met his burden of establishing federal jurisdiction in this case.  Without an alternative basis for jurisdiction, which the Notice of Removal does not assert and the operative pleading does not provide, this Court cannot retain jurisdiction.

For these reasons, the Court **GRANTS** Plaintiffs' Motion to Remand, (ECF No. 1), **DENIES AS MOOT** the remaining motions, (ECF Nos. 6, 7, 9, 11, 13), and **REMANDS** this case to the Circuit Court of Kanawha County, West Virginia.  The Court further **DIRECTS** the Clerk to remove this matter from the Court's docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: January 16, 2018

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

---

[3] Because the Court finds that there is not diversity between the parties in this case, it will not address Plaintiffs' argument that the removal was not procedurally proper.  (*See* ECF No. 1 at 1–2 ¶ 2.)